**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**
**MDD_SAGchambers@mdd.uscourts.gov**

April 14, 2026

**LETTER OPINION**

Re:  Roderick Johnson v. Social Security Administration, *et al.,*
    Civil Case No. SAG-25-2465

Dear Plaintiff and Counsel:

On January 25, 2025, Plaintiff Roderick Johnson ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging that the Social Security Administration ("SSA") and one of its employees, "Ms. Betts" (collectively "Defendants") violated his constitutional rights by failing to remit certain benefit payments. ECF 1. Now pending before the Court are: (1) Plaintiff's Motion for Summary Judgment, ECF 22; and (2) Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF 23. Having reviewed the parties' filings, the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Court will DENY Plaintiff's Motion and GRANT Defendant's Motion. This letter explains why.

Initially, there is no viable mechanism for Plaintiff to assert claims for constitutional violations against Ms. Betts, a federal employee. That type of claim is known as a *Bivens* action because it derives from a Supreme Court case decided in 1971, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* complaint must allege that the defendant personally violated a plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976).

*Bivens* actions, however, have been curtailed significantly in recent years by the Supreme Court. At present, there are just three contexts in which a private right of action may be properly brought against federal officials for constitutional violations: (1) an arrest and search of a private apartment by Federal Bureau of Narcotics agents in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389; (2) a claim against a former Congressman for sex discrimination on Capitol Hill in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and (3) a claim against Bureau of Prisons officials for failure to provide emergency medical treatment to an inmate in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 19 (1980). The Supreme Court has clearly stated that expanding *Bivens* to any other context "is an 'extraordinary act' that will be unavailable 'in most every case.'" *Mays v. Smith*, 70 F.4th 198, 202 (4th Cir. 2023) (quoting *Egbert v. Boule*, 596 U.S. 482, 492, 497 n.3 (2022)). As the Supreme Court explained last year in *Goldey v. Fields*, 606 U.S. 942, 942–43 (2025):

After 1980, we have declined more than 10 times to extend *Bivens* to cover other constitutional violations. Those many post-1980 *Bivens* "cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 596 U.S. 482, 486 (2022).

Roderick Johnson v. SSA
Civil No. SAG-25-2465
April 14, 2026
Page | 2

In *Egbert*, the Supreme Court explained that this Court must undertake a two-step process to determine whether a *Bivens* claim can proceed. 596 U.S. at 492. First, the Court must determine whether the case under review is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar v. Abbasi*, 582 U.S. 120, 147 (2017). This "new context" standard is "easily satisfied" even if a claim has "significant parallels" to one of the three recognized *Bivens* contexts. *Id.* at 147, 149. Second, if the Court decides that the claim arises in a new context, a *Bivens* claim is unavailable if there is even a single reason indicating that the judiciary might be less well-equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. *Egbert*, 596 U.S. at 492. Since 1980, the Supreme Court has not found that standard to be satisfied and has not expanded *Bivens* remedies to any extent. *See Goldey*, 606 U.S. at 942–43.

The facts of this case bear no resemblance to any of the three recognized *Bivens* contexts. Plaintiff alleges that he (through his designated payee) should be able to receive the back pay owed by SSA during the term of his incarceration because the pay is owed for a period pre-dating his incarceration. Congress has already passed a law determining when an incarcerated SSI claimant can receive SSI payments. *See* 42 U.S.C. § 1382(e)(1)(A). It is clear, then, that Congress is best equipped to weigh the costs and benefits of allowing a claimant to seek damages in this context. Thus, there is no available *Bivens* remedy and Plaintiff has not stated a viable claim against Ms. Betts.

As to SSA, Defendants seek dismissal of Plaintiff's constitutional claims for lack of subject matter jurisdiction. The United States and its agencies are immune from suit, absent waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act contains a limited waiver, allowing federal courts to review any "final decision" of the SSA under Title II of the Act. *See* 42 U.S.C. § 405(g), (h). Specifically, 42 U.S.C. § 405(g) of the Act provides "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." But 42 U.S.C. § 405(h) limits judicial review to that permitted under § 405(g), stating "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

Because Plaintiff asks this Court to review SSA's decision to withhold his back pay during his period of incarceration, he is limited to review pursuant to § 405(g) and cannot assert constitutional claims. Turning to the question of whether he has established this Court's subject matter jurisdiction to conduct a § 405(g) review, I have considered the declaration of Le-Toyja Averhart, the Center Director for the Office of the Northeast Center for Programs Support for the SSA, ECF 23-2.[1]

---

[1] When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004). The

Roderick Johnson v. SSA
Civil No. SAG-25-2465
April 14, 2026
Page | 3

After reviewing the Averhart Declaration, I find that Plaintiff has not received a final decision of the Commissioner, and therefore, has failed to exhaust his administrative remedies as required to obtain judicial review under 42 U.S.C. § 405(g). *See* ECF 23-2 ¶ 2(r), (s). He has not completed the four-step administrative review process established by the SSA, 20 C.F.R. § 404.900(a)(5) (Title II); 20 C.F.R. § 416.1400(a)(5) (Title XVI), either as to the Notice of Award sent to him on August 27, 2024, or the more recent SSA letters dated February 2, 2026.[2] Until that administrative review process has concluded, this Court lacks subject matter jurisdiction to review this matter under 42 U.S.C. § 405(g).

In sum, the Court will dismiss this action pursuant to Rule 12(b)(6) as to "Ms. Betts" and Rule 12(b)(1) for lack of subject matter jurisdiction as to SSA. Plaintiff's Motion for Summary Judgment, ECF 22, will be denied and Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF 23, is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Here, that standard is met.

[2] The four-step administrative review process was explained in greater detail in this Court's ruling in Plaintiff's previous case seeking the same relief, *Roderick J. v. O'Malley*, Civ. No. SAG-23-3019, ECF 25. That discussion is incorporated by reference herein.